IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA

| | |
|---|---|
| TERRY L. BRANDON,<br><br>                Plaintiff.<br><br>v.<br><br>ROBERT RENAKER, individually and in his official capacity, THE CITY OF GEORGETOWN, a municipal corporation, M. SCHULL, JR., individually and in his official capacity, and PAT HARTSHORN, in his official capacity as Sheriff of Vermillion County, Illinois,<br><br>                Defendants. | No. 05-2246<br><br>**FILED**<br><br>OCT 3 1 2005<br><br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

## COMPLAINT

NOW COMES Plaintiff, Terry L. Brandon, by and through his attorney, CHAD S. BECKETT, of BECKETT & WEBBER, P.C., and for his cause of action against Defendants, ROBERT RENAKER, individually and in his official capacity, THE CITY OF GEORGETOWN, a municipal corporation, M. SCHULL, JR., individually and in his official capacity, and PAT HARTSHORN, in his official capacity as Sheriff of Vermillion County, Illinois, state and allege as follows:

### GENERAL ALLEGATIONS

1.     This case is filed under 42 U.S.C. §§1983 and 1988; and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists in this Court under 28 U.S.C. §§1331, and 1343 (3)(4) and the above-mentioned statutory and constitutional provisions.

2.     Plaintiff also invokes supplemental jurisdiction of this Court over state claims

against the defendants for common law violations pursuant to 28 U.S.C § 1367 as the common claims form part of the same case or controversy.

3. At all times relevant to this Complaint, Plaintiff TERRY L. BRANDON (hereinafter "Plaintiff") was a citizen of the United States of America, State of Illinois, and a resident of the Central District of Illinois, residing in the City of Danville, Illinois.

4. At all times relevant to this Complaint, Defendant THE CITY OF GEORGETOWN (hereinafter "City of Georgetown") was a duly constituted Illinois Municipal Corporation located in the Central District of Illinois, and operating pursuant to the laws of the State of Illinois.

5. At all times relevant to this Complaint, Defendant ROBERT RENAKER (hereinafter "Renaker"), was a citizen of the United States of America, State of Illinois, and resident of the Central District of Illinois, and employed by the City of Georgetown as a law enforcement officer.

6. At all times relevant to this Complaint, Defendant PAT HARTSHORN (hereinafter "Hartshorn") was a citizen of the United States of America, State of Illinois, and resident of the Central District of Illinois, and employed as Sheriff of Vermillion County, Illinois.

7. At all times relevant to this Complaint, Defendant M. SCHULL, JR. (hereinafter "Schull") was a citizen of the United States of America, State of Illinois, and resident of the Central District of Illinois, employed as a Correctional Officer at the Vermillion County Jail and under the supervision of the Office of the Sheriff of

Vermillion County.

8. On October 31, 2003, Plaintiff was driving West on Kennedy Drive toward Seminary Street in the City of Georgetown, Illinois at or about 10:18 p.m.

9. Renaker and Officer Cornett, another City of Georgetown officer (hereinafter "Cornett"), subsequently followed and stopped Plaintiff's vehicle at the intersection of Kennedy Drive and Seminary Street, based on a domestic disturbance complaint made against the Plaintiff earlier that evening.

10. After causing Plaintiff to pull over the car he was driving, and while investigating the aforesaid domestic complaint, Renaker and Cornett determined that Plaintiff had a very strong odor of an alcoholic beverage coming from his person.

11. Thereafter, Cornett asked whether Plaintiff would submit to a field sobriety test, to which the Plaintiff agreed to perform.

12. After conducting the field sobriety test, Plaintiff was arrested for Driving Under the Influence (hereinafter "DUI"), handcuffed and transported by Renaker to the Vermillion County Jail (hereinafter "the jail").

13. While at the jail, Renaker requested that Plaintiff submit to a breath test relating to the DUI charge, to which Plaintiff agreed to perform.

14. While Plaintiff waited to take the breath test, Defendant Renaker left the room Plaintiff was waiting in to get the breath analysing equipment. At or about the same time that Defendant Renaker left the room, Defendant Schull came into the room to conduct an inventory of Plaintiff's property.

15. Thereafter, but during the period when Plaintiff was waiting to take the breath test,

3

Schull, determined that Plaintiff had placed a clear bag with a white substance in his mouth.

16. Thereafter, but during the period when Plaintiff was waiting to take the breath test, Schull physically seized Plaintiff from behind with his arm around Plaintiff's neck, placing the Plaintiff in a "choke hold". At about the same time, Defendant Schull yelled to Defendant Renaker, who was still in a different part of the jail, for assistance.

17. Thereafter, Defendant Renaker responded, returned to the room where Plaintiff and Defendant Schull were located in the jail, and demanded that Plaintiff spit out what he had in his mouth.

18. Thereafter, when Plaintiff did not spit out anything, Defendant Renaker said to the Plaintiff, "Well, we'll beat it out of you."

19. Thereafter, and while Defendant Schull held Plaintiff in a choke hold, Defendant Renaker hit Plaintiff with closed fists on the Plaintiff's head, face and body, ultimately pulling him down on to the floor face down in a violent manner.

20. The beating of Plaintiff, administered by Defendant Renaker while Defendant Schull held Plaintiff in a choke hold, continued for approximately 1 ½ to 2 minutes; Schull made no effort to stop Renaker from beating the Plaintiff and, indeed, continued to choke the Plaintiff while Renaker did so, to the point of the Plaintiff becoming asphyxiated.

21. The beating and choking of Plaintiff described above resulted in Plaintiff losing consciousness.

22. Shortly thereafter, Plaintiff regained consciousness and found himself being dragged (by either Defendant Schull or Defendant Renaker) by his wrists out of the room where the beating occurred, out into a corridor and finally into a padded cell.

23. While Plaintiff was being dragged by his wrists out of the cell, Plaintiff heard the individual Defendants say to each other: "what about the breath test?" and the response: "put down that he failed", or words to that effect.

24. Plaintiff was left in the aforesaid padded cell for a period in excess of 24 hours without food, water, without the option of contacting counsel or other persons to arrange for bail or legal services.

25. Plaintiff was finally "booked" in the early morning hours of November 2, 2003.

26. As a result of Renaker and Schull's physical seizure and other violent contact with Plaintiff as alleged above, Plaintiff suffered serious injuries to his body, including to his head and face. One or more of these injuries required the services of a physician and surgery to correct. Plaintiff continues to be in pain as a result of the violent contact alleged above and remains emotionally traumatized by the experience.

27. As a result of his injuries relating to the violent contact alleged above, Plaintiff has incurred expenses, including but not limited to the costs of surgery derived from the injuries inflicted on him by Defendants Renaker and Schull.

28. Defendants Renaker and Schull's physical seizure and other violent and abusive contact with Plaintiff as alleged above constituted excessive force against Plaintiff.

29. Defendants Renaker and Schull's physical seizure and other violent and abusive

contact with Plaintiff as alleged above was deliberate, intentional, willful, wanton and unreasonable for the circumstances presented at the time the contact occurred.

## CAUSES OF ACTION

## COUNT I

**Civil Rights, 42 U.S.C. § 1983 against Defendant Robert Renaker**

Now Comes the Plaintiff, Terry L. Brandon, by and through his attorney, CHAD S. BECKETT, of BECKETT & WEBBER, P.C., and for his cause of action against Defendant Robert Renaker, states as follows:

1.-29. Plaintiff hereby incorporates paragraphs 1 to 29 of the above General Allegations as paragraphs 1 through 29 of Count I as though fully set forth herein.

30. The actions of Defendant Renaker on or about October 31, 2003 as alleged above, were under color of law in that they were related to the performance of his police duties.

31. The actions of Defendant Renaker, as a law enforcement official employed by the City of Georgetown, were under color of Illinois State Law, and were intentional, and calculated to violate the civil rights of the Plaintiff and did violate the civil rights of the Plaintiff.

32. The Plaintiff, as a result of the above related acts of Defendant Renaker, has been deprived, under color of law, of rights, privileges and immunities secured to him by the Constitution of the United States of America.

33. As a direct and proximate result of the acts of Defendant Renaker, the Plaintiff has been damaged and suffered injuries, disability, and pain and suffering.

34. The Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §1988 as a result of the aforesaid violations of his constitutional and civil rights.

WHEREFORE, Plaintiff, TERRY L. BRANDON, requests the following relief:

(A) Judgment against Defendant, Robert Renaker, for compensatory damages as shall be proven at time of trial;

(B) An award of punitive damages to deter this Defendant and others, similarly situated, from such vexatious conduct in the future;

(C) Attorney's fees and Plaintiff's costs herein;

(D) Such other relief as this Court deems necessary and just under the premises;

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT II

**Civil Rights, 42 U.S.C. § 1983 against Defendant The City of Georgetown, Illinois**

Now Comes the Plaintiff, Terry L. Brandon, by and through his attorney, CHAD S. BECKETT, of BECKETT & WEBBER, P.C., and for his cause of action against Defendant The City of Georgetown, Illinois, states as follows:

1.-34. Plaintiff hereby incorporates paragraphs 1 to 34 of the above General Allegations as paragraphs 1 through 34 of Count II as though fully set forth herein.

35. Upon information and belief, and at all times relevant hereto, the Defendant City of Georgetown, willfully or with reckless indifference failed to sufficiently train Defendant Renaker to prevent the aforesaid violation of the Plaintiff's civil rights.

36. Upon information and belief, and at all times relevant hereto, the Defendant City of Georgetown, willfully or with reckless indifference failed to sufficiently supervise

Defendant Renaker to prevent the aforesaid violation of the Plaintiff's civil rights.

37. Upon information and belief, and at all times relevant hereto, the Defendant City of Georgetown, willfully or with reckless indifference failed to implement policies for use by its police officials that would prevent the aforesaid violation of the Plaintiff's civil rights.

38. Upon information and belief, and at all times relevant hereto, the Defendant City of Georgetown willfully or with reckless indifference failed to investigate the aforesaid violation of the Plaintiff's civil rights and to discipline Renaker for his role in that violation of the Plaintiff's civil rights.

39. Upon information and belief, and at all times relevant hereto, it was the custom, practice and policy of the Defendant City of Georgetown to show deliberate indifference with respect to complaints and instances regarding the use of excessive force by its law enforcement officials.

40. One or more of the aforesaid listed failures, customs, practices and policies of the City of Georgetown was the proximate cause of the actions of Defendant Renaker in the use of excessive force against the Plaintiff as alleged herein.

41. The actions, failures to take action, customs, practices and policies of the City of Georgetown as described above were taken under color of Illinois State Law, and were intentional, and calculated to violate the civil rights of the Plaintiff.

42. As a result of one or more of the aforesaid failures, customs, practices and policies of the City of Georgetown, the Plaintiff was deprived, under color of law, of rights, privileges and immunities secured to him by the Constitution of the United States

of America.

43. As a direct and proximate result of the actions, failures to take action, customs, practices and policies of the City of Georgetown as described above, the Plaintiff was damaged and suffered injuries, disability, and pain and suffering.

44. The Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988 as a result of the aforesaid violations of his constitutional and civil rights.

WHEREFORE, the Plaintiff, Terry L. Brandon, requests the following relief:

(A) Judgment against Defendant, The City of Georgetown, Illinois, a municipal corporation, for compensatory damages as shall be proven at time of trial;

(B) An award of punitive damages to deter this Defendant and others, similarly situated, from such vexatious conduct in the future;

(C) Attorney's fees and Plaintiff's costs herein;

(D) Such other relief as this Court deems necessary and just under the premises;

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT III

**Civil Rights, 42 U.S.C. § 1983 against Defendant M. Schull, Jr.**

Now Comes the Plaintiff, Terry L. Brandon, by and through his attorney, CHAD S. BECKETT, of BECKETT & WEBBER, P.C., and for his cause of action against Defendant M. Schull, Jr., states as follows:

1.-29. Plaintiff hereby incorporates paragraphs 1 to 29 of the above General Allegations as paragraphs 1 through 29 of Count III as though fully set forth herein.

30. The actions of Defendant Schull on or about October 31, 2003 as alleged above,

were under color of law in that they were related to the performance of his police duties.

31.  The actions of Defendant Schull, as a correctional official employed by the Sheriff of Vermillion County, Illinois, were under color of Illinois State Law, and were intentional, and calculated to violate the civil rights of the Plaintiff and did violate the civil rights of the Plaintiff.

32.  The Plaintiff, as a result of the above related acts of Defendant Schull, has been deprived, under color of law, of rights, privileges and immunities secured to him by the Constitution of the United States of America.

33.  As a direct and proximate result of the acts of Defendant Schull, the Plaintiff has been damaged and suffered injuries, disability, and pain and suffering.

34.  The Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §1988 as a result of the aforesaid violations of his constitutional and civil rights.

WHEREFORE, Plaintiff, TERRY L. BRANDON, requests the following relief:

(A)  Judgment against Defendant, M. Schull, Jr., for compensatory damages as shall be proven at time of trial;

(B)  An award of punitive damages to deter this Defendant and others, similarly situated, from such vexatious conduct in the future;

(C)  Attorney's fees and Plaintiff's costs herein;

(D)  Such other relief as this Court deems necessary and just under the premises;

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT IV

**Civil Rights, 42 U.S.C. § 1983 against Defendant Pat Hartshorn,**

**in his official capacity as the Sheriff of Vermillion County, Illinois**

Now Comes the Plaintiff, Terry L. Brandon, by and through his attorney, CHAD S. BECKETT, of BECKETT & WEBBER, P.C., and for his cause of action against Defendant Pat Hartshorn, in his official capacity as The Sheriff of Vermillion, Illinois, states as follows:

1.-34. Plaintiff hereby incorporates paragraphs 1 to 34 of the above General Allegations as paragraphs 1 through 34 of Count IV as though fully set forth herein.

35. Upon information and belief, and at all times relevant hereto, the Defendant Hartshorn, willfully or with reckless indifference failed to sufficiently train Defendant Schull to prevent the aforesaid violation of the Plaintiff's civil rights.

36. Upon information and belief, and at all times relevant hereto, the Defendant Hartshorn, willfully or with reckless indifference failed to sufficiently supervise Defendant Schull to prevent the aforesaid violation of the Plaintiff's civil rights.

37. Upon information and belief, and at all times relevant hereto, the Defendant Hartshorn, willfully or with reckless indifference failed to implement policies for use by its police officials that would prevent the aforesaid violation of the Plaintiff's civil rights.

38. Upon information and belief, and at all times relevant hereto, the Defendant Hartshorn willfully or with reckless indifference failed to investigate the aforesaid violation of the Plaintiff's civil rights and to discipline Schull for his role in that violation of the Plaintiff's civil rights.

39. Upon information and belief, and at all times relevant hereto, it was the custom, practice and policy of the Defendant Hartshorn to show deliberate indifference with respect to complaints and instances regarding the use of excessive force by the law enforcement and correctional officials employed by him.

40. One or more of Hartshorn's aforesaid listed failures, customs, practices and policies was the proximate cause of the actions of Defendant Schull in the use of excessive force against the Plaintiff as alleged herein.

41. Hartshorn's actions, failures to take action, customs, practices and policies as described above were taken under color of Illinois State Law, and were intentional, and calculated to violate the civil rights of the Plaintiff.

42. As a result of one or more of Hartshorn's aforesaid failures, customs, practices and policies as described above, the Plaintiff was deprived, under color of law, of rights, privileges and immunities secured to him by the Constitution of the United States of America.

43. As a direct and proximate result of Hartshorn's actions, failures to take action, customs, practices and policies as described above, the Plaintiff was damaged and suffered injuries, disability, and pain and suffering.

44. The Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988 as a result of the aforesaid violations of his constitutional and civil rights.

WHEREFORE, the Plaintiff, Terry L. Brandon, requests the following relief:

(A) Judgment against Defendant, Pat Hartshorn, in his official capacity as The Sheriff of Vermillion, Illinois, for compensatory damages as shall be proven at time of

trial;

(B)  An award of punitive damages to deter this Defendant and others, similarly situated, from such vexatious conduct in the future;

(C)  Attorney's fees and Plaintiff's costs herein;

(D)  Such other relief as this Court deems necessary and just under the premises;

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

Terry L. Brandon, Plaintiff

By: *[signature]*
Chad S. Beckett

**CHAD S. BECKETT, LEAD COUNSEL**
**(BAR NUMBER: 6255615)**
**BECKETT & WEBBER, P.C.**
508 S. Broadway, Urbana
P.O. Box 17160
Urbana, IL 61801
Telephone: (217) 328-0263
Facsimile: (217) 328-0290
E-mail: chad@beckettwebber.com

℅JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TERRY L. BRANDON

### DEFENDANTS
ROBERT RENAKER; CITY OF GEORGETOWN, ILLINOIS; M. SCHULL, JR.; PAT HARTSHORN

(b) County of Residence of First Listed Plaintiff **VERMILLION**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **VERMILLION VERMILLI**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
CHAD S. BECKETT, BECKETT & WEBBER, P.C., 508 S. BROADWAY AVENUE, URBANA, IL 61801 217-328-0263

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud |  |  | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 160 Stockholders' Suits | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations — **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 USC SEC. 1983 / 1988**
Brief description of cause:
**VIOLATION OF CIVIL RIGHTS IN CONNECTION WITH ARREST BY POLICE**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE **10/31/05**
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___